**VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF APPOMATTOX**

LULA H. GLOVER,

       Plaintiff,

v.

**KROGER LIMITED PARTNERSHIP I**
**d/b/a KROGER #406,**
Serve: Corporation Service Company, R/A
       100 Shockhoe Slip, Fl 2
       Richmond VA, 23219

and

**THE KROGER CO.**
Serve: Corporation Service Company, R/A
       100 Shockhoe Slip, Fl 2
       Richmond VA, 23219

       Defendants.

Case No.: CL22-000332-00

## COMPLAINT

COMES NOW Plaintiff Lula H. Glover, by counsel, and moves for judgment against the Defendants Kroger Limited Partnership I d/b/a Kroger #406 and The Kroger Co., jointly and severally, in the amount as hereinafter set forth, and state as follows:

### PARTIES

1. At all times relevant, Plaintiff Lula H. Glover, was an individual and resident of the Commonwealth of Virginia.

2. At all times relevant, Defendant Kroger Limited Partnership I was a limited partnership organized under the laws of Ohio with its principal office address located in Cincinnati, Ohio.

3. At all times relevant, Defendant The Kroger Co. was a stock corporation organized under the laws of Ohio with its principal office address located in Cincinnati, Ohio.


EXHIBIT A

July 18                    20 22
Received, filed and process
issued. 12:00  AM/PM
Tax     049      $ 25.00
S.P.    104      $ _____
TTF     106      $ 5.00
L.A.    123      $ 9.00
INA     147      $ 1.00
CTF     170      $ 10.00
Sher 206/237     $ 48.00
L.L.    219      $ 3.00
CHMF 229         $ 1.00
Fee     304      $ 240.00
                 $ _____
TOTAL            $ 342.00

Janet A. Hix, Clerk
Appomattox Circuit Court
By: _____ DC

## JURISDICTON AND VENUE

4. The Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 3 as if set out fully herein.

5. This Court has jurisdiction over this matter as there was negligent conduct committed in the Commonwealth of Virginia by the Defendants, which resulted in injuries to the Plaintiff.

6. Venue is proper in this Court as the incident complain of occurred in Appomattox County, Virginia.

## FACTS

7. The Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 6 as if set out fully herein.

8. Upon information and belief Defendants Kroger Limited Partnership I d/b/a Kroger #406 and The Kroger Co. (hereinafter collectively referred to as "Defendants") own, operate and manage what is commonly referred to as Kroger #406 located at 7789 Richmond Highway, Appomattox, Virginia 24522 (hereinafter the "Kroger").

9. At all times relevant, Kroger is a supermarket chain that sells goods to the public at large.

10. The Defendants are responsible for the maintenance, inspections, and general up-keep of the floors located inside the Kroger.

11. Specifically, the Defendants are responsible to ensure that the floors in the Kroger are free and clear from any and all hazardous conditions that they knew about or should have known about.

12. On September 12, 2020, Plaintiff was a business invitee at Kroger.

13. At the time and place aforesaid, Plaintiff made a purchase from Kroger and attempted to walk away from the cash register to leave the store.

14. At the time and place aforesaid, the Plaintiff walked through a puddle of liquid, which was not readily observable or open and obvious the Plaintiff.

15. At all times relevant, this puddle of liquid constituted a hazardous condition.

16. At the time and place aforesaid, the Plaintiff's feet slipped from under her and she fell violently to the ground, causing significant injury.

17. At all times relevant, it was the duty of the Defendants to regularly inspect the floors of the Kroger to ensure hazardous conditions were not present.

18. At all times relevant, the aforementioned hazardous condition existed over a length of time sufficient that Defendants' reasonable diligence should have led to its discovery.

19. Moreover, the Defendants through its agents, employees and/or representatives were aware or should have been aware of the hazardous condition through reasonable inspections and maintenance.

20. None of the Defendants warned the public or Plaintiff of the hazardous condition prior to the Plaintiff suffering her fall and injuries.

## NEGLIGENCE AS TO ALL DEFENDANTS

21. The Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 as if set out fully herein.

22. At all times relevant, Defendants were required to exercise reasonable care to maintain the floors of Kroger in a safe condition so that the public, and the Plaintiff could safely navigate the building.

23. Upon information and belief, Defendants knew or should have known that the hazardous condition existed at the Kroger.

24. Defendants breached their duties by negligently failing to maintain, inspect, remedy, and/or warn of the hazardous condition.

25. Defendants' negligence was a proximate cause of the Plaintiff's fall and resulting serious bodily injuries damage.

26. Specifically, Defendants were negligent in that they:

   a. Failed to inspect and assure the floors of the Kroger were free and clear of conditions/defects causing an unsafe or hazardous condition;

   b. Failed to clearly mark the subject area as a hazard;

   c. Failed to warn the public, and the Plaintiff as to the hazardous condition;

   d. Failed to implement timely maintenance, inspection, and/or remedy of the hazardous condition in spite of the fact that they knew or should have known that continuation of the hazardous condition would cause the floors to be in an unsafe condition; and

   e. Failed to instruct and assure that the hazardous condition was remedied in a fashion so as to assure that the floors of the Kroger were free and clear of all hazardous conditions.

27. Defendants had a duty to maintain the floors of the Kroger in a reasonably safe condition, to make reasonable inspections to determine whether any hazardous conditions, latent or otherwise, existed and to warn the public, and Plaintiff of any such hazardous conditions and/or defects known to them, or reasonably anticipated to be known to them, their agents, representatives, and employees.

28. The Defendants breached this duty by allowing the hazardous condition to remain for an unreasonable amount of time, which caused the Plaintiff's fall and injuries.

## DAMAGES

29. The Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 28 as if set out fully herein.

30. As a direct and proximate result of the joint of several negligence of the Defendants, Plaintiff was caused to sustain serious permanent physical and psychological injuries, has suffered, and will continue to suffer great pain of body and mind along with great mental anguish, has incurred and will sustain inconvenience in the past and future, has sustained deformity with associated humiliation and embarrassment, has incurred and will incur in the future hospital, doctors and related bills in an effort to be cured of his physical, psychological and emotional injuries.

WHEREFORE Plaintiff Lula H. Glover, by counsel demands judgment against the Defendants Kroger Limited Partnership I d/b/a Kroger #406, and The Kroger Co., jointly and severally, in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) for compensatory damages with interest from September 12, 2020, at the statutory rate until paid and her costs in this behalf expended.

**TRIAL BY JURY IS DEMANDED.**

LULA H. GLOVER

By _____
                    Counsel

Randall T. Trost, Esq. (VSB No.: 45942)
Dustin T. Rosser, Esq. (VSB No.: 77264)
Randall J. Trost, P.C.
801 Main Street, 10th Floor
Lynchburg, Virginia 24504
Telephone: (434) 528-4222
Facsimile: (434) 847-0814
drosser@trostlaw.com